UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUINTON O'NEAL ET AL.                    CIVIL ACTION

VERSUS                                   NO. 15-7183

CARGILL, INC. d/b/a GRAIN                MAGISTRATE JUDGE
& OIL SEED SUPPLY CHAIN                  JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

This is an employment discrimination action brought by two African-American plaintiffs, Quinton O'Neal and Demon Melancon, against their former employer, Cargill, Inc. The complaint asserts claims of retaliation, discrimination (in O'Neal's case, apparently, but not expressly, based on race) and hostile work environment in violation of Title VII, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 et seq. Complaint, Record Doc. No. 1. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 13.

Cargill filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed. Rule Civ. Proc. 12(b)(6); Motion for Award of Damages, Attorneys' Fees, and Costs; or, Alternatively, Motion to Sever for Improper Joinder of Plaintiffs Pursuant to Fed. Rule Civ. Proc. 20. Record Doc. No. 6. The motion is supported by unverified copies of each plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity

Commission ("EEOC") and the EEOC's notices of dismissal to each plaintiff. Defendant seeks dismissal of (1) all of O'Neal's claims as untimely, (2) Melancon's claims under the Louisiana Employment Discrimination Law as untimely, and (3) Melancon's Title VII retaliation and hostile work environment claims for failure to allege sufficient facts to state a claim for relief. Cargill does <u>not</u> seek dismissal of Melancon's Title VII race discrimination claim. Alternatively, if the court does not dismiss all of O'Neal's claims, defendant asks the court to sever his claims from Melancon's because they do not arise out of the same occurrence or series of occurrences and do not present common questions of law or facts. If the court dismisses any of the claims, Cargill requests an award of damages, including reasonable attorneys' fees and court costs incurred as a result of the dismissed claims, pursuant to Title VII and the Louisiana Employment Discrimination Law.

Plaintiffs filed a timely memorandum in opposition, supported by two unverified exhibits regarding O'Neal's claims and one unverified exhibit regarding Melancon's claims. Plaintiffs argue that their Title VII claims were timely filed and that their complaint sufficiently alleges all of their claims. They do not contest the authenticity of the exhibits attached to Cargill's motion. Record Doc. No. 10.

Defendant filed a timely reply memorandum that includes a new, unverified exhibit responsive to O'Neal's exhibits. Cargill does not object to the authenticity of

plaintiffs' exhibits, but asks that its motion be converted to a summary judgment motion if the court considers plaintiffs' exhibits and its own new exhibit.  Record Doc. No. 11.

Having considered the complaint, the record, the arguments of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendant's motion to dismiss is converted to a motion for summary judgment as to O'Neal's claims only. IT IS FURTHER ORDERED that defendant's motion is GRANTED IN PART AND DENIED IN PART as follows.

I.     STANDARDS OF REVIEW

A.     Motion to Dismiss under Rule 12(b)(6)

Defendant moves to dismiss plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Under this rule, as recently clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).  "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  Jabary v. City of Allen,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

However, that general rule does not apply if amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 F. App'x 367,  372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351-52 (5th Cir. 2011); Rio Grande Royalty Co. v. Energy Transfer Partners, L.P., 620 F.3d 465, 469 (5th Cir. 2010); Stokes v. Dolgencorp, Inc., 367 F. App'x 545, 550 (5th Cir. 2010).  Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . .  [Thus,] to determine futility, we will apply the same standard of legal

4

sufficiency as applies under Rule 12(b)(6)." <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); <u>accord</u> <u>Fenghui Fan v. Brewer</u>, 377 F. App'x 366, 367 (5th Cir. 2010).

Cargill supports its motion to dismiss with copies of each plaintiff's discrimination charge filed with the EEOC and the EEOC's notices of dismissal. Defendant's Exhs. A-1, A-2, B-1, B-2. None of these documents were attached to plaintiffs' complaint. Ordinarily, the court is "confined to reviewing the allegations in the plaintiff's complaint, including its attachments, when . . . ruling on a motion to dismiss under Rule 12(b)(6)." <u>Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.</u>, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing <u>Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.</u>, 748 F.3d 631, 635 (5th Cir. 2014)). If a Rule 12(b)(6) motion presents exhibits outside the pleadings that are "not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

However,

> [i]t is well-established that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."
>
> The documents at issue here–[plaintiff's] two EEOC Charges–were referenced in her complaint and are central to her claim. Their contents are essential to determining (i) whether the EEOC and [Louisiana Commission on Human Rights] Charges were filed within the applicable statute of limitations, and (ii) whether the allegations contained in those complaints

allege a colorable violation of Title VII. These issues are central to [plaintiff's] pleadings, and her failure to include them does not allow her complaint to bypass [defendant's] motion to dismiss unexamined.

Carter v. Target Corp., 541 F. App'x 413, 416-17 (5th Cir. 2013) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)) (citation omitted).

In the instant case, plaintiffs neither referred to the EEOC documents in their complaint nor attached any of the EEOC documents. If plaintiffs had referred to these essential documents in their complaint, the court could consider defendant's exhibits under clear Fifth Circuit precedent regarding a Rule 12(b)(6) motion to dismiss. Nonetheless, the court can take judicial notice of the EEOC documents, which are public records whose authenticity is not disputed. Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986); Cinel v. Connick, 15 F.3d 1338, 1346 n.6 (5th Cir. 1994); Davenport v. HansaWorld USA, Inc., 23 F. Supp. 3d 679, 686 n.1 (S.D. Miss. 2014); Thomas v. Lowe's Home Ctrs., Inc., No. 13-0779, 2014 WL 545862, at *2 n.5 (W.D. La. Feb. 10, 2014); Tucker v. Waffle House, Inc., No. 12-2446, 2013 WL 1588067, at *2, *6 (E.D. La. Apr. 11, 2013) (citing Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)) (additional citations omitted). Accordingly, the court can consider the documents submitted by Cargill without converting its motion into one for summary judgment.

On the other hand, plaintiffs' three exhibits are not essential to their employment discrimination claims. Plaintiffs' Exhibits A and B are letters from the National Labor Relations Board ("NLRB") regarding O'Neal's grievance filed with that agency after

Cargill terminated his employment.  Plaintiff's Exhibit C is a grievance signed by Melancon and his union steward and apparently filed with Cargill in March 2014, before he was terminated.  In response to plaintiffs' Exhibits A and B, Cargill included with its reply memorandum a copy of O'Neal's NLRB charge.  Defendant's Exh. 1.  If the court considers these exhibits from outside the pleadings, it must convert defendant's motion to one for summary judgment.  Fed. R. Civ. P. 12(d).

        2.      <u>Motion for Summary Judgment under Rule 56</u>

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1)  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3)  Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
(4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case.  Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact."  Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the

essential elements of its claim.  Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial."  Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."  Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).  "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"  Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation

omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

II.    ANALYSIS

    A.    O'Neal's Claims Under Title VII and Louisiana Discrimination Law

Cargill argues that O'Neal's claims are time-barred under both Title VII's 300-day limitations period for filing a charge with the EEOC and the one-year prescriptive period of the Louisiana Employment Discrimination Law.  Because O'Neal relied in his opposition on two exhibits outside the pleadings and Cargill responded to his argument with an additional exhibit, the court converts Cargill's motion to one for summary judgment as to O'Neal's claims.  Fed. R. Civ. P. 12(d).  The motion is granted as to O'Neal's claims under the Louisiana Employment Discrimination Law and Title VII for the following reasons.

According to O'Neal's complaint and NLRB charge, Cargill terminated his employment on October 2, 2014.  Record Doc. No. 1 at ¶ 4; Record Doc. No. 11-1, Defendant's Exh. 1.  However, O'Neal's EEOC charge states that he was terminated on October 3, 2014.  Defendant's Exh. A-1.  Solely for purposes of the pending summary judgment motion, the court resolves this factual conflict, as it must, in favor of plaintiff's claim and accepts the later date of October 3, 2014.  The undisputed evidence shows that O'Neal filed his EEOC charge on September 29, 2015, 361 days after he was fired.  The

EEOC dismissed his charge as untimely on September 30, 2015.  Defendant's Exh. A-2.

Plaintiff filed the instant action on December 31, 2015.  Record Doc. No. 1.

O'Neal argues that the 300-day Title VII limitations period for filing his complaint

with the EEOC was suspended from October 24, 2014, when he filed a charge of unfair

labor practices arising out of his termination with the NLRB, until July 29, 2015, when

the NLRB dismissed his charge.  Plaintiff's Exhs. A, B.  O'Neal argues that his EEOC

charge was timely filed two months later, on September 29, 2015.

### 1.    Claims under the Louisiana Employment Discrimination Law

Defendant's motion regarding O'Neal's claims under the Louisiana Employment

Discrimination Law is deemed to be unopposed.  O'Neal asserts in the heading of

Section A of his opposition memorandum that these claims are not prescribed, Record

Doc. No. 10 at p. 1, but he presents neither facts nor legal argument in opposition to

Cargill's contention that his state law claims prescribed.  The Fifth Circuit has repeatedly

held that a party's "complete failure to raise any legal or factual issue regarding that

claim in his Opposition [to a motion for summary judgment] constitutes a waiver of the

issue."  Ledet v. Fleetwood Enters., Inc., 245 F.3d 791, 2000 WL 1910173, at *4 (5th

Cir. 2000) (citation omitted); accord McDaniel v. Shell Oil Co., 350 F. App'x 924, 927

(5th Cir. 2009); Essinger v. Liberty Mut. Fire Ins. Co., 529 F.3d 264, 271 (5th Cir. 2008);

Blackwell v. Laque, 275 F. App'x 363, 366 n.3 (5th Cir. 2008); see also Med RX/Sys.,

P.L.L.C. v. Tex. Dep't of State Health Servs., No. 15-50618, 2016 WL 454317, at *3 (5th

Cir. Feb. 4, 2016) (citing Sw. Bell Tel., LP v. City of Houston, 529 F.3d 257, 263 (5th Cir. 2008)) (issue waived by failure to raise it in opposition to motion to dismiss under Rule 12). Therefore, O'Neal is deemed to have abandoned his claims under the Louisiana Employment Discrimination Law.

Even if O'Neal had not abandoned his state law claims, the undisputed evidence establishes that his claims prescribed before he filed the instant action. The Louisiana Employment Discrimination Law contains a one-year prescriptive period. La. Rev. Stat. § 23:303(D). Prescription begins to run on the date of the allegedly discriminatory termination, which in this case was October 3, 2014. Williams v. Cardinal Health 200, LLC, 948 F. Supp. 2d 652, 660 (E.D. La. 2013) (citing La. Rev. Stat. § 23:303(D)); Bellow v. Bd. of Supervisors, 913 F. Supp. 2d 279, 289 (E.D. La. 2012), aff'd, 550 F. App'x 181 (5th Cir. 2013) (citing La. Rev. Stat. § 23:303(D)); Eastin v. Entergy Corp., 865 So. 2d 49, 53-54 (La. 2004) (citations omitted).

The Louisiana Employment Discrimination Law provides that prescription "is suspended during administrative review or investigation of the claim conducted by the EEOC, but no such suspension 'shall last longer than six months.'" Minnis v. Bd. of Supervisors, 55 F. Supp. 3d 864, 874 (M.D. La. 2014), aff'd, 620 F. App'x 215 (5th Cir. 2015) (quoting La. Rev. Stat. § 23:303(D)). Therefore, a plaintiff has a maximum of 18 months from the date of the last allegedly discriminatory act to file suit. Senegal v.

Suddenlink Commc'ns, No. 2:14-CV-3447, 2016 WL 595482, at *4 (W.D. La. Feb. 11, 2016); Minnis, 55 F. Supp. 3d at 874; Bellow, 913 F. Supp. 2d at 289.

Cargill terminated O'Neal's employment on October 3, 2014.  O'Neal filed his EEOC charge 361 days later, on September 29, 2015, which suspended the one-year prescriptive period with four days left in the period.  The EEOC dismissed the charge by letter dated September 30, 2015.  Prescription of O'Neal's claims under the Louisiana Employment Discrimination Law was therefore suspended for one day while his EEOC charge was pending.  "When prescription is interrupted, a new prescriptive period begins to commence after the period of interruption.  When prescription is suspended, the time which preceded the suspension is added to the time which follows it."  Miller v. Vogel, No. 03-2039, 2003 WL 22966361, at *2 n.3 (E.D. La. Dec. 17, 2003) (citing Geiger v. Louisiana, 815 So. 2d 80, 84-85 (La. 2002)).

No evidence has been presented to establish when O'Neal received the EEOC's letter.  Although the Louisiana statute does not state that prescription remains suspended until plaintiff receives his right-to-sue letter from the EEOC, Cargill concedes for purposes of its summary judgment motion that the prescriptive period remained suspended until O'Neal presumptively received the letter. "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (citations

13

omitted); accord Washington v. City of Gulfport, 351 F. App'x 916, 918 (5th Cir. 2009);

Bowers v. Potter, 113 F. App'x 610, 612-13 (5th Cir. 2004).

Applying this presumption, which Cargill asserted in its memorandum and O'Neal

did not dispute in his opposition memorandum, and according plaintiff the longest period

available, the court finds that plaintiff received the letter on October 7, 2015, seven days

after it was mailed.  "Even if we were to apply the maximum number of days that court's

[sic] have allowed under the presumption of receipt doctrine, i.e. seven days after the

EEOC mailed the letter, [plaintiff's] claim would still be considered untimely." Taylor,

296 F.3d at 380.  Prescription had run for 361 days before it was suspended by O'Neal's

filing of his EEOC charge.  He had four days left after receiving the letter, or until

October 11, 2015, to file a timely lawsuit.  He did not file the instant action until

December 31, 2015, more than two months after his claims under the Louisiana

Employment Discrimination Law prescribed.  Therefore, his state law claims are time-

barred.

2.   Claims under Title VII

"Title VII requires employees to exhaust their administrative remedies before

seeking judicial relief." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir.

2008).  Thus, a plaintiff in a deferral state such as Louisiana must file a charge with the

EEOC within 300 days of the last allegedly discriminatory or retaliatory act before he can

file suit under Title VII. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109

(2002); Grice v. FMC Techs. Inc., 216 F. App'x 401, 405 (5th Cir. 2007) (citing Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)); Janmeja v. Bd. of Supervisors, 96 F. App'x 212, 214 (5th Cir. 2004) (citing 42 U.S.C § 2000e-5(e)(1)).

A plaintiff's Title VII claims based on events that occurred more than 300 days before he filed his EEOC charge are time-barred. Grice, 216 F. App'x at 407 (citing Morgan, 536 U.S. at 113-14); Janmeja, 96 F. App'x at 214. Failure to file a timely charge with the EEOC before commencing a lawsuit will result in dismissal of the suit. Morgan, 536 U.S. at 109; Hague v. Univ. of Tex. Health Sci. Ctr., 560 F. App'x 328, 331 (5th Cir. 2014); Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 598 (5th Cir. 2006); Taylor, 296 F.3d at 378-79.

Cargill terminated O'Neal's employment on October 3, 2014, which was the last discriminatory or retaliatory act that plaintiff experienced. He filed his EEOC charge 361 days later, on September 29, 2015, or 61 days too late. His Title VII claims in this court are time-barred on their face, unless he can show that the limitations period was tolled. Trinity Marine Prods., Inc. v. United States, 812 F.3d 481, 489 (5th Cir. 2016); Maciel v. City of Fort Worth Drug Task Force, 472 F. App'x 314, 315 (5th Cir. 2012); Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999)).

Plaintiff's Exhibits A and B and defendant's Exhibit 1 to its reply memorandum establish that O'Neal filed a charge with the NLRB on October 24, 2014, in which he

alleged that Cargill "interfered with, restrained, and coerced its employees by terminating . . . O'Neal for his protected concerted activity."  Record Doc. No. 11-1.  A unionized employee's right to engage in "concerted activity" is protected by the National Labor Relations Act.  29 U.S.C. §§ 157, 158(a)(1).  An employer's retaliation against an employee for exercising protected rights is an unfair labor practice that is within the NLRB's exclusive jurisdiction.  Brandon v. Lockheed Martin Corp., No. 99-3513, 2000 WL 488490, at *5 (E.D. La. Apr. 18, 2000), aff'd, 265 F.3d 1059 (5th Cir. 2001).

O'Neal argues that the limitations period for filing his EEOC charge was suspended while his NLRB charge was pending from October 24, 2014, to July 29, 2015. He cites no law to support his argument, which "is squarely up against the formidable bar of Supreme Court authority."  Deloney v. Tri-Cty. Metro. Transp. Dist., No. 3:11-CV-00977-ST, 2012 WL 5303667, at *7 (D. Or. Sept. 28, 2012), report & recommendation adopted, No. 3:11-CV-00977-ST, 2012 WL 5303663 (D. Or. Oct. 25, 2012) (citing Int'l Union of Elec. Workers v. Robbins & Myers, Inc., 429 U.S. 229, 236 (1976)).

It is well established that filing a grievance under a collective bargaining agreement, contract or employer's policy does not toll the time period for filing a charge with the EEOC.  The Supreme Court has held "that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the [Title VII] limitations periods."  Del. State Coll. v. Ricks, 449 U.S. 250, 261 (1980) (citing Elec. Workers, 429 U.S. at 234-35); accord Cherry v. City of N.Y., 381

F. App'x 57, 59 (2d Cir. 2010); <u>Brown v. Berthoud Fire Prot. Dist.</u>, No. 12-CV-03028-REB-KLM, 2013 WL 6152301, at *2 (D. Colo. Nov. 22, 2013).

> [C]ollective-bargaining remedies are separate and independent from Title VII remedies. . . .  When an employee believes that she has suffered discrimination, she may proceed under the grievance procedure, under Title VII, or both, but the fact that the employee has one of these independent types of rights does not entitle her to anything with respect to the other.

<u>United States v. Brennan</u>, 650 F.3d 65, 122-23 (2d Cir. 2011) (citing <u>Elec. Workers</u>, 429 U.S. at 236-37).

The pendency of O'Neal's grievance before the NLRB in no way prevented him from filing a timely charge with the EEOC.  <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1141 (9th Cir. 2001) (citing <u>Del. State Coll.</u>, 449 U.S. at 261).  Filing an unfair labor practice charge with the NLRB "does not toll the running of the period for filing a discrimination charge with the administrative agency, or waive the filing requirements." <u>Frank v. N.Y. State Elec. & Gas</u>, 871 F. Supp. 167, 172 (W.D.N.Y. 1994) (citing <u>Del. State Coll.</u>, 449 U.S. at 261; <u>Elec. Workers</u>, 429 U.S. at 236); <u>see also</u> <u>Mezu v. Morgan State Univ.</u>, 367 F. App'x 385, 389 (4th Cir. 2010) (citing <u>Del. State Coll.</u>, 449 U.S. at 261-62; <u>Elec. Workers</u>, 429 U.S. at 230-31) (Title VII limitations period not tolled during employer's internal appeal process); <u>Word v. Potter</u>, 149 F. App'x 97, 100 n.4 (3d Cir. 2005) (postal worker's use of grievance procedures under collective bargaining agreement did not toll requirement to contact EEO counselor timely); <u>Addison v. Brennan</u>, No. 3:14-CV-1732-TLW, 2015 WL 3562155, at *3-4

(D.S.C. June 5, 2015) (same); <u>Rodgers v. United Parcel Serv., Inc.</u>, No. 1:13-CV-062-MEF, 2014 WL 3053326, at *8 (M.D. Ala. July 7, 2014) (citing <u>Del. State Coll.</u>, 449 U.S. at 261; <u>Elec. Workers</u>, 429 U.S. at 236) (period to file EEOC charge not tolled while unionized employee pursued grievance); <u>Brandon</u>, 2000 WL 488490, at *5 (same).

O'Neal's filing of an NLRB charge did not toll the Title VII limitations period. Because he failed to file a timely charge with the EEOC, his claims of discrimination, retaliation and hostile work environment under Title VII are time-barred. Accordingly, Cargill is entitled to summary judgment in its favor on O'Neal's claims under Title VII and the Louisiana Employment Discrimination Law.

B.   <u>O'Neal's Section 1981 Claims</u>

Plaintiffs' complaint asserts that their federal claims arise under Title VII <u>and</u> 42 U.S.C. § 1981. Record Doc. No. 1 at ¶ 3. Although Cargill seeks dismissal of <u>all</u> of O'Neal's claims, it does not mention his claims under Section 1981. Not surprisingly, O'Neal does not refer to Section 1981 in his opposition memorandum.

Cargill's failure to cite Section 1981 specifically does not preclude the court from granting its motion to dismiss O'Neal's claims under that statute, if the analysis of the grounds for dismissing his Section 1981 claims is identical to that for dismissing his Title VII claims. <u>Chen v. Ochsner Clinic Found.</u>, No. 15-30007, 2015 WL 6773929, at *6 (5th Cir. Nov. 5, 2015) (citations omitted). However, the only basis that Cargill asserted for dismissal of O'Neal's Title VII claims is untimeliness, and its motion has been granted

18

on that basis.  O'Neal's Section 1981 claims are governed by a different statute of limitations and are timely.  Thus, the motion must be denied as to those claims.

Claims of race discrimination, racially hostile work environment and retaliation may be brought under Section 1981.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004); Hill v. Cleco Corp., 541 F. App'x 343, 346 (5th Cir. 2013); Roberson v. Alltel Info. Servs., 373 F.3d 647, 651, 655 (5th Cir. 2004); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003).

Section 1981 claims are governed by the same standards as Title VII, except that Section 1981 does not require exhaustion of administrative remedies.  Chen, 2015 WL 6773929, at *6 (citing Jones v. Robinson Prop. Grp., 427 F.3d 987, 992 (5th Cir. 2005)).

In addition, Section 1981 does not contain a statute of limitations.  The Supreme Court held in 1987 that federal courts should apply "the most appropriate or analogous state statute of limitations" to claims based on violations of Section 1981, Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987), which in Louisiana is the one-year prescriptive period for torts.  Mitchell v. Crescent River Port Pilots Ass'n, 265 F. App'x 363, 368 (5th Cir. 2008) (citing La. Civ. Code Ann. art. 3492; Johnson v. Crown Enters., Inc., 398 F.3d 339, 341 (5th Cir. 2005)).  In 1990, Congress enacted a catchall four-year statute of limitations, 28 U.S.C. § 1658, for actions arising under federal statutes enacted after December 1, 1990.  Jones, 541 U.S. at 371.

19

Therefore, "the Supreme Court has determined that certain claims brought pursuant to Section 1981, namely those made possible by a post-1990 Congressional enactment [the Civil Rights Act of 1991, which amended Section 1981], are subject to the federal four year catch-all statute of limitations set forth in 28 U.S.C. § 1658." Liddell v. Northrop Grumman Shipbldg., Inc., 836 F. Supp. 2d 443, 452 (S.D. Miss. 2011) (citing Jones, 541 U.S. at 382; Mitchell, 265 F. App'x at 368; Jones, 427 F.3d at 992) (additional citations omitted).  Claims of discriminatory termination, retaliation and hostile work environment are subject to the four-year statute of limitations because they were made possible by the post-1990 amendment to Section 1981.  Jones, 541 U.S. at 383 (wrongful termination and hostile work environment); Rothrock v. Gorman, No. 3:12-CV-00241, 2013 WL 3461913, at *3 (S.D. Tex. July 1, 2013) (citing Foley v. Univ. of Houston Sys., 355 F.3d 333, 339 (5th Cir. 2003)) (retaliation); Delaney v. Miss. Dep't of Pub. Safety, No. 3:12CV229TSL-MTP, 2013 WL 286365, at *8 (S.D. Miss. Jan. 24, 2013), aff'd, 554 F. App'x 279 (5th Cir. 2014) (citing Foley, 355 F.3d at 339); Willis v. Cleco Corp., No. 09-2103, 2011 WL 4443358, at *5 (W.D. La. 2011)) (retaliation).

O'Neal was fired on October 3, 2014, and filed this lawsuit on December 31, 2015, well within the four-year limitations period for his claims under Section 1981. Thus, even if Cargill's motion is construed as seeking dismissal of O'Neal's Section 1981 claims as untimely, the motion is denied.

C.   <u>Melancon's Claims Under the Louisiana Employment Discrimination Law</u>

Cargill moves pursuant to Rule 12(b)(6) to dismiss Melancon's claims under the Louisiana Employment Discrimination Law because they are untimely.  Defendant's motion in this regard is deemed to be unopposed for the same reasons discussed above with respect to O'Neal's claims under this statute.  Melancon presents neither facts nor legal argument in opposition  to Cargill's contention that his state law claims are prescribed.  He waived this issue by failing to raise it in opposition to defendant's motion to dismiss.  <u>Med RX/Sys.</u>, 2016 WL 454317, at *3 (citing <u>Sw. Bell Tel.</u>, 529 F.3d at 263); <u>accord</u> <u>McDaniel</u>, 350 F. App'x at 927; <u>Essinger</u>, 529 F.3d at 271; <u>Blackwell</u>, 275 F. App'x at 366 n.3; <u>Ledet</u>, 2000 WL 1910173, at *4.  Therefore, Melancon is deemed to have abandoned his claims under the Louisiana Employment Discrimination Law.

Even if Melancon had not abandoned his state law claims, they prescribed before he filed the instant action.  According to the complaint, Cargill terminated Melancon's employment on April 26, 2014.  Record Doc. No. 1 at ¶ 45.  He stated in his EEOC charge that he was suspended without pay on April 26 and terminated on April 28, 2014.  Record Doc. No. 6-4, Defendant's Exh. B-1.  The court need not resolve which date is correct, as the outcome is the same for timeliness purposes regardless of which date is used.

Melancon filed his EEOC charge on July 21, 2014.  The EEOC dismissed his charge almost 17 months later on January 19, 2016, because Melancon had filed the

instant action on December 31, 2015.   As previously discussed, the Louisiana Employment Discrimination Law has a one-year prescriptive period.  La. Rev. Stat. § 23:303(D).  Prescription began to run on Melancon's claims the day his employment ended.  Williams, 948 F. Supp. 2d at 660 (citing La. Rev. Stat. § 23:303(D)); Bellow, 913 F. Supp. 2d at 289 (citing La. Rev. Stat. § 23:303(D)); Eastin, 865 So. 2d at 53-54. Prescription "is suspended during administrative review or investigation of the claim conducted by the EEOC, but no such suspension 'shall last longer than six months.'" Minnis, 55 F. Supp. 3d at 874 (quoting La. Rev. Stat. § 23:303(D)).

Prescription was suspended while Melancon's EEOC charge was pending, but only for six of the 17 months that it was actually pending.  He had a maximum of 18 months from April 28, 2014, or until October 28, 2015, to file his lawsuit.  Senegal, 2016 WL 595482, at *4; Minnis, 55 F. Supp. 3d at 874; Bellow, 913 F. Supp. 2d at 289. Melancon did not file suit until December 31, 2015, two months after his claims had prescribed.  Cargill's motion to dismiss is well founded because plaintiff's state law claims are time-barred.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend."  Hernandez, 306 F. App'x at 182.  However, "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."  Varela v. Gonzales, 773 F.3d 704, 707 (5th Cir. 2014) (quotation and

22

citation omitted).  "[A] court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred."  Newby v. Enron Corp., 542 F.3d 463, 469 (5th Cir. 2008); accord Soliz v. Bennett, 150 F. App'x 282, 286 (5th Cir. 2005).

Any attempt by Melancon to amend his complaint to re-assert his prescribed claims under the Louisiana Employment Discrimination Law would be futile. Accordingly, Cargill's motion to dismiss is granted as to Melancon's claims under the Louisiana Employment Discrimination Law.

D.    Melancon's Title VII Claims of Retaliation and Hostile Work Environment

Cargill concedes that Melancon states a claim for race discrimination, but moves to dismiss his retaliation and hostile work environment claims under Title VII because the complaint does not sufficiently allege all the elements of each cause of action. Although the complaint is inartfully drafted, it states sufficient factual matter, with all facts accepted as true and viewed in the light most favorable to plaintiff, to state claims for retaliation and hostile work environment that are plausible on their face.

Melancon's complaint alleges that, after he complained to his supervisors about his working conditions, he was "heavily scrutinized and targeted" and eventually filed a "grievance with regards to the harassment."  Record Doc. No. 1, at ¶¶ 47, 49.  He states that he was suspended without pay and then terminated for alleged work violations that he says he did not commit and/or that did not warrant such harsh disciplinary action.  He alleges that white workers who committed similar infractions were not treated as

23

severely.  Id. at ¶¶ 48, 52-54.  Melancon avers that Cargill's management was "made aware of this racially charged, unsafe and hostile working environment and [did] nothing to correct it."  Id. at ¶ 56.

Cargill argues that Melancon does not allege that he engaged in activity protected by Title VII before he was terminated, a necessary element of a retaliation claim.  The statute prohibits "discrimination for opposing any practice made unlawful by Title VII, or making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."  Washington v. M. Hanna Constr. Inc., 299 F. App'x 399, 401 (5th Cir. 2008) (citing 42 U.S.C. § 2000e-3(a)).  A plaintiff establishes a prima facie case of retaliation by showing that (1) he participated in activity protected under Title VII, (2) his employer took adverse employment action against him and (3) a causal connection exists between the protected activity and the adverse action.  Feist v. La., Dep't of Justice, 730 F.3d 450, 454-55 (5th Cir. 2013).

Standing alone, Melancon's allegation in his complaint that he filed a "grievance," without specifying that his grievance complained of racial discrimination, could lead to an inference that he had not engaged in any activity protected by Title VII.  However, the use of the word "grievance" in the context of the entire complaint does not preclude the possibility that plaintiff complained of racial discrimination, either through the written grievance or orally, and thereafter experienced retaliation.  Melancon stated in the charge that he filed with the EEOC that he believed he had been terminated in retaliation for

engaging in protected activity.  Record Doc. No. 6-4, Defendant's Exh. B-1.  His charge stated that he had filed "harassment/discrimination charges" against a white supervisor twice in March 2014, about one month before he was fired, for "harassment, unsafe working conditions, creating a hostile work environment and discrimination;" that the same supervisor routinely discriminated against African-Americans; and that the supervisor concurred in another supervisor's recommendation to terminate Melancon's employment.

These allegations suffice to state a plausible claim for retaliation under Rule 12(b)(6), the Twombly/Iqbal standards and Rule 8(a)(2), which requires only that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief [and] . . . . does not require detailed factual allegations."  Iqbal, 556 U.S. at 678-79 (quotations omitted).  "This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim."  Goss v. Hardy Energy Servs., Inc., No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004); Vidrine v. St. Landry Parish Fire Prot. Dist., No. 6:12-2111, 2012 WL 6608963, at *1 (W.D. La. Dec. 18, 2012).

Cargill also argues that Melancon's complaint fails to allege all the elements of a hostile work environment claim. To establish a race-based hostile work environment claim, plaintiff must show that he:

> (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

Minnis v. Bd. of Supervisors, 620 F. App'x 215, 220-21 (5th Cir. 2015) (quotation omitted) (citing Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012)).

Melancon may also be alleging a retaliatory hostile work environment claim, a type of claim that various courts have recognized, although the Fifth Circuit has not yet spoken on this issue. See Baird v. Dep't of the Interior, No. 14-1879, 2016 WL 80629, at *5 (E.D. La. Jan. 7, 2016) (citing cases) (In adapting the hostile work environment standard to the retaliation context, "the first element would require proof that the plaintiff had engaged in protected activity, and the third element would require demonstration of a causal connection between the harassment and the protected activity.").

Melancon attached to his opposition memorandum a copy of his March 2014 grievance, arguing that it supports his allegations of harassment. Record Doc. No. 10-3, Plaintiff's Exh. C. Cargill suggests that the court should not consider this evidence that "attempts to expand the allegations in the Complaint" or, if the court does consider the exhibit, the court should convert Cargill's motion to one for summary judgment and find

26

that the grievance is insufficient to support a claim for racially hostile work environment because it does not mention race or racial harassment.  Record Doc. No. 11 at pp. 7-8. The court declines to consider this evidence because it is illegible in large part and because the allegations of the complaint itself sufficiently state a plausible claim for a racially or retaliatory hostile work environment.

Accordingly, defendant's motion to dismiss is denied as to Melancon's retaliation and hostile work environment claims under Title VII.

E.     Motion to Sever

Defendant asks the court to sever O'Neal's and Melancon's claims because they do not arise out of the same occurrence or series of occurrences and do not present common questions of law or facts.  Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs only if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  (Emphasis added).  Both prongs of the test must be met for multiple plaintiffs to proceed in one action.  Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010).

"However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."  Id. (citations omitted).  District courts

may "deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." Id. at 522 (citation omitted). The Fifth Circuit in Acevedo affirmed the district court's decision to sever the Fair Labor Standards Act claims of multiple plaintiffs because they worked at different locations with different managers at different times and their claims would involve different defenses. The court distinguished employment discrimination cases where joinder had been adjudged "appropriate in part because the plaintiffs were all seeking relief based on the same series of discriminatory transactions by the same decision-maker in the same department during the same short time frame." Id. (citing Alexander v. Fulton Cnty., 207 F.3d 1303, 1324 (11th Cir. 2000), overruled on other grounds as stated in Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)).

Plaintiffs in the instant case argue that their claims arise out of the same series of transactions and have common questions of law and fact because they are both African-Americans who worked for the same defendant, brought up similar issues about safety with their supervisors, and were allegedly harassed, targeted and fired because of their race and their outspokenness. However, these similarities are insufficient to establish that plaintiffs' Title VII and Section 1981 claims arise out of the same series of transactions or occurrences.

As plaintiffs' complaint and the foregoing separate analyses of their claims demonstrate, Melancon and O'Neal had different job titles and work histories. Each

experienced different episodes of alleged discrimination, harassment and retaliation by different supervisors on dates that were months apart.  Their factual allegations and Cargill's defenses will require different witnesses and evidence for each.  When "[a]ll these facts demonstrate that these employment decisions hardly constitute a single action on the part of the defendant," Bailey v. N. Trust Co., 196 F.R.D. 513, 516 (N.D. Ill. 2000), the court can exercise its discretion to sever plaintiffs' claims to avoid confusion, delay and unreasonable prejudice to defendant.  Acevedo, 600 F.3d at 522; Anderson v. Red River Waterway Comm'n, 231 F.3d 211, 214 (5th Cir. 2000); Gregory v. FedEx Ground Package Sys., No. 2:10CV630, 2012 WL 2396873, at *13 (E.D. Va. May 9, 2012), report & recommendation adopted, No. 2:10CV630, 2012 WL 2396861 (E.D. Va. June 25, 2012); Disparte v. Corp. Exec. Bd., 223 F.R.D. 7, 15 (D.D.C. 2004); Bailey, 196 F.R.D. at 516; Smith v. N. Am. Rockwell Corp., 50 F.R.D. 515 (N.D. Okla. 1970).

Accordingly, defendant's motion to sever is granted.  Melancon's claims will be severed from the instant action and a new civil action will be opened for his claims.

F.     Cargill's Motion for Attorney's Fees and Costs

Cargill requests an award of damages, including reasonable attorneys' fees and court costs incurred as a result of any dismissed claims, pursuant to Title VII and the Louisiana Employment Discrimination Law.  Title VII provides that the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. 42 U.S.C. § 2000e-5(k).  However, a prevailing defendant may recover attorney's fees

> only when the court in its discretion finds that the plaintiff's claims were "frivolous, unreasonable, or without foundation." "[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."

Greco v. Velvet Cactus, LLC, No. 13-3514, 2014 WL 6684913, at *1-2 (E.D. La. Nov. 25, 2014) (quoting Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421 (1978); Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 988 (5th Cir. 2008)).

Similarly, under the Louisiana Employment Discrimination Law, "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs." La. Rev. Stat. Ann. § 23:303(B). In interpreting Louisiana's anti-discrimination law, the courts routinely look to federal employment discrimination law for guidance. Provensal v. Gaspard, No. 10-4276-SS, 2012 WL 4372360, at *2 (E.D. La. Sept. 24, 2012), aff'd, 524 F. App'x 974 (5th Cir. 2013) (citations omitted); Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 530 (M.D. La. 2003).

Cargill's motion to dismiss has been denied as to all of Melancon's claims for which defendant sought dismissal. Therefore, Cargill is not a prevailing party and Melancon's claims have not been found to be frivolous. The motion for attorney's fees and costs is denied as to him.

30

Defendant's motion for summary judgment has been granted as to O'Neal's claims under Title VII and the Louisiana Employment Discrimination Law, which were found to be untimely, but denied as to his Section 1981 claims, which factually mirror his Title VII and state law claims. Cargill cites the Fifth Circuit's opinion in Provensal to support its argument that O'Neal's untimely claims were legally baseless from the outset and that dismissal of those claims merits a fee award. The Fifth Circuit stated in Provensal that, "[i]n appropriate cases, we have held that time-barred suits are meritless and properly deemed frivolous," and affirmed the district court's award of attorney's fees on plaintiff's untimely tort claim. Provensal, 524 F. App'x at 975 (citing Pope v. MCI Telecomms. Corp., 937 F.2d 258, 267 (5th Cir. 1991)).

However, Provensal is not on point with the instant case. Provensal asserted numerous causes of action against two defendants. The court dismissed parts of the complaint that Provensal conceded did not state a claim upon which relief could be granted, including his untimely claim for intentional infliction of emotional distress. Eventually all claims were dismissed either under Rule 12(b)(6) or on summary judgment. Id. In awarding attorney's fees, the trial court held that the

> frivolity of the claims for which attorney's fees are being sought is self-evident. The claims for religious discrimination, slander, and defamation had no colorable basis in fact or law, the claims for intentional infliction of emotional distress were clearly prescribed, and the federal and state employment claims against [the supervisor] were patently meritless because [he] was not plaintiff's employer.

31

Provensal, 2012 WL 4372360, at *2.    After the court dismissed all of his claims, Provensal "filed a patently frivolous motion for reconsideration." Id. at *7.  The district court found that all of plaintiff's "claims were obviously frivolous" and awarded attorney's fees to defendants attributable to all of plaintiff's claims, not just the untimely claim, based on this entirely unreasonable litigation history.

Therefore, even though Cargill is a prevailing party as to O'Neal's untimely claims under Title VII and the Louisiana Employment Discrimination Law, in the exercise of the court's discretion and based on the policies underpinning those anti-discrimination statutes, Cargill's motion for attorney's fees and costs is denied at this time, without prejudice to reurging it at the conclusion of this matter if the outcome of this action warrants it.

CONCLUSION

For all of the foregoing reasons, IT IS ORDERED that Cargill's motion for summary judgment is GRANTED IN PART and that O'Neal's claims under Title VII and the Louisiana Employment Discrimination Law are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion is GRANTED IN PART and that Melancon's claims under the Louisiana Employment Discrimination Law are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion is GRANTED IN PART as to Cargill's request to sever the claims of the two plaintiffs.  The Clerk of Court is directed to sever the claims of Demon Melancon and open a new civil action for him.

In all other respects, the motion is DENIED.  O'Neal's claims remaining for trial at this time are his claims for retaliation, race discrimination and hostile work environment under 42 U.S.C. § 1981.  Melancon's claims remaining for trial at this time are his claims for retaliation, race discrimination and hostile work environment under Title VII and 42 U.S.C. § 1981.

New Orleans, Louisiana, this _____11th_____ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE