UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUINTON O'NEAL ET AL.                          CIVIL ACTION

VERSUS                                         NO. 15-7183

CARGILL, INC. d/b/a GRAIN                      MAGISTRATE JUDGE
& OIL SEED SUPPLY CHAIN                        JOSEPH C. WILKINSON, JR.

## ORDER ON MOTIONS

This is an employment discrimination action brought by Quinton O'Neal against his former employer, Cargill, Inc. Plaintiff's remaining claims in this action are for race discrimination, retaliation and hostile work environment under 42 U.S.C. § 1981. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 13.

Cargill filed a motion for summary judgment, arguing that O'Neal cannot make out a prima facie case of any of his claims or, if he can, that he cannot produce any evidence either to rebut Cargill's legitimate, non-discriminatory, non-retaliatory reasons for terminating him. The motion is fully supported by two affidavits, verified documents from plaintiff's personnel file, plaintiff's answers to interrogatories and responses to requests for admissions, his Charge of Discrimination filed with the Equal Employment Opportunity Commission, his deposition transcript and a Statement of Undisputed Material Facts. Record Doc. No. 18. Cargill received leave to file a supplemental memorandum in support of its motion. Record Doc. Nos. 28, 31, 32.

Local Rule 7.5 requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date.  No memorandum in opposition to defendant's motion for summary judgment, submitted for decision on December 21, 2016, without oral argument, has been timely submitted, nor has plaintiff sought an extension of the deadline for filing an opposition.  Instead, two days <u>after</u> the deadline for filing his opposition, O'Neal filed a motion to continue the trial date and extend the discovery deadline, which plaintiff states defendant opposes.  Record Doc. No. 25.  O'Neal's motion was marked deficient by the Clerk of Court.  Although O'Neal has not cured the deficiency and Cargill therefore has not filed an opposition memorandum, defendant did argue in its supplemental memorandum in support of its summary judgment motion that plaintiff's motion to continue should not be granted.  The court finds that an opposition memorandum is unnecessary.  The Clerk is DIRECTED to remove the deficiency and file plaintiff's motion.  IT IS ORDERED that plaintiff's motion to continue is DENIED for the following reasons.

Motions to continue trial are directed to the broad discretion of the court.  <u>Clinton v. Jones</u>, 520 U.S. 681, 706-07 (1997); <u>In re FEMA Trailer Formaldahyde [sic] Prods. Liab. Litig.</u>, 628 F.3d 157, 161 (5th Cir. 2010) (citing <u>United States v. Stalnaker</u>, 571 F.3d 428, 439 (5th Cir. 2009); <u>United States v. German</u>, 486 F.3d 849, 854 (5th Cir. 2007); <u>Streber v. Hunter</u>, 221 F.3d 701, 736 (5th Cir. 2000)).  In making this decision, the court looks to the totality of the circumstances, including such factors as the amount of time available, the moving party's role in shortening the time needed, the likelihood of prejudice from denial

2

of the motion, the facts of the particular case, the complexity of the case, and all of the demands on counsel's time and the court's.  Stalnaker, 571 F.3d at 439; Streber, 221 F.3d at 736.

In addition, a trial date set in a Rule 16 scheduling order, as in this case, Record Doc. No. 14, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party, and the availability of a continuance to cure the prejudice.  Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

Weighing these factors in this case, I find that O'Neal has not shown good cause for the continuance.  In addition to seeking a continuance of the trial date, he seeks to extend the discovery deadline to permit him to depose at least one more witness and to propound additional written discovery that may lead to additional depositions.  This is not a complicated case.  O'Neal provides no reasonable explanation for not having obtained such discovery before the December 12, 2016 discovery deadline, which has been in place since the scheduling order was entered on April 6, 2016.  Ample time to conduct this discovery has already been provided.  In the absence of any explanation, the requested continuance is not important and the likelihood of prejudice to plaintiff from denying the motion is minimal.  However, granting the motion would be highly prejudicial to Cargill, which has

3

complied with its obligations under the court's scheduling order and the Federal Rules of Civil Procedure and filed a well-supported, timely motion for summary judgment. A continuance would not cure the prejudice to defendant.

Although O'Neal does not specifically say so in his motion, it seems apparent that he wants more time to find evidence to oppose Cargill's summary judgment motion. Plaintiff's motion thus may also be construed as one under Fed. R. Civ. P. 56(d) seeking additional time to take discovery so that he can "present facts essential to justify [his] opposition" to the summary judgment motion. Fed. R. Civ. P. 56(d). However, O'Neal has failed to show "<u>by affidavit or declaration that, for specified reasons</u>," he needs additional discovery, as required by the Rule. <u>Id.</u> (emphasis added). He has presented no affidavits, declarations or specific facts to support his motion to continue. Plaintiff does not state what any of the proposed additional witnesses might say or what the proposed additional discovery requests might reveal. Accordingly, IT IS ORDERED that his motion to continue the trial date and extend the discovery deadline is DENIED.

Defendant's summary judgment motion is therefore deemed to be unopposed, and, further, it appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is GRANTED for the following reasons.

Cargill's Statement of Undisputed Material Facts is uncontroverted and the well-supported facts therein are deemed admitted. Fed. R. Civ. P. 56(c)(1); Local Rule 56.2. The competent summary judgment evidence establishes that Cargill terminated plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons. O'Neal had

previously received numerous disciplinary warnings. In the incident that led directly to his termination for insubordination and threatening a supervisor, O'Neal refused to cooperate and communicate with his supervisor about a possible safety violation by plaintiff during his shift. Instead of responding to his supervisor's questions, O'Neal physically threatened his supervisor. Plaintiff has proffered no evidence to carry his burden under Section 1981 to rebut defendant's legitimate reasons and establish that they were a pretext for race discrimination and/or retaliation. Morris v. Town of Indep., 827 F.3d 396, 400 (5th Cir. 2016) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Burton v. Freescale Semiconductor, Inc., 798 F.3d 222, 227 (5th Cir. 2015); Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316-17 (5th Cir. 2004)); Roberson v. Alltel Info. Servs., 373 F.3d 647, 651, 655 (5th Cir. 2004).

As to plaintiff's hostile work environment claim, Cargill has provided the affidavit of its Plant Superintendent, Michael Bates, stating that O'Neal was never disciplined or harassed by anyone because of his race. O'Neal has proffered no evidence to carry his burden under Section 1981 to establish a prima facie case of a racially hostile work environment. Minnis v. Bd. of Supervisors, 620 F. App'x 215, 220-21 (5th Cir. 2015) (citing Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012)); Hill v. Cleco Corp., 541 F. App'x 343, 346 (5th Cir. 2013) (citing Hernandez, 670 F.3d at 651; Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002)).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and mandates the entry of

summary judgment for the moving party." Winslow-Harris v. Donahoe, 490 F. App'x 658, 659 (5th Cir. 2012) (quotations omitted) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); United States ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008)).

Accordingly, defendant's motion for summary judgment is granted.

## CONCLUSION

For all of the foregoing reasons, IT IS ORDERED that plaintiff's motion to continue trial is DENIED, Cargill's motion for summary judgment is GRANTED and O'Neal's claims under 42 U.S.C. § 1981 are DISMISSED WITH PREJUDICE, plaintiff to bear all costs. Judgment will be separately entered.

New Orleans, Louisiana, this __22nd__ day of December, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE