UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUINTON O'NEAL | CIVIL ACTION |
| VERSUS | NO. 15-7183 |
| CARGILL, INC. d/b/a GRAIN & OIL SEED SUPPLY CHAIN | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

Plaintiff, Quinton O'Neal, filed a Motion for New Trial and in the Alternative Motion for Relief From a Judgment or Order, seeking reconsideration under Fed. R. Civ. P. 59(e) or 60(b) of the final judgment dismissing with prejudice all of his claims against his former employer, defendant, Cargill, Inc. Record Doc. No. 36. The judgment was based on two orders: (1) on April 12, 2016, the court granted in part Cargill's motion to dismiss (which was converted to a motion for summary judgment) and dismissed the claims of race discrimination, retaliation and hostile work environment brought by O'Neal, an African-American, under Title VII and the Louisiana Employment Discrimination Law, Record Doc. No. 15; and (2) on December 21, 2016, the court denied plaintiff's motion to continue the trial date and granted Cargill's unopposed motion for summary judgment, dismissing O'Neal's remaining claims of race discrimination, retaliation and hostile work environment brought under 42 U.S.C. § 1981. Record Doc. No. 33.

Cargill filed a timely memorandum in opposition to O'Neal's motion for new trial. Record Doc. No. 38. Plaintiff received leave to file a reply memorandum. Record Doc. Nos. 40, 41, 42. Having considered the complaint, the record, the arguments of the parties

and the applicable law, IT IS ORDERED that plaintiff's motion is DENIED, for the following reasons.

I.     PROCEDURAL BACKGROUND

O'Neal filed this action on December 31, 2015.  A scheduling order was entered on April 6, 2016, setting a discovery deadline of December 12, 2016; a final pretrial conference on January 10, 2017; and a trial date of January 23, 2017.  All pretrial motions were required to be filed and served in sufficient time to permit notice of submission no later than December 21, 2016.  Record Doc. No. 14.

Cargill filed a timely summary judgment motion on December 2, 2016 and noticed it for submission on December 21, 2016.  Under Local Rule 7.5, plaintiff's opposition memorandum was due no later than December 13, 2016.  He never filed an opposition or sought an extension of time to do so.

Instead, three days after the opposition deadline, plaintiff moved on December 16, 2016 to continue the trial date and extend the already expired discovery deadline.  Record Doc. No. 25.  Because he did not include a supporting memorandum and a notice of submission as required by Local Rules 7.2 and 7.4, the Clerk marked the motion deficient, advised plaintiff's counsel that the deficiency must be cured within seven days, and terminated the motion pending correction of the deficiency.

On December 20, 2016, Cargill received leave to file a supplemental memorandum in support of its summary judgment motion.  Record Doc. Nos. 28, 31, 32.  Cargill noted that O'Neal had not filed an opposition, that the deadline to do so had passed seven days

earlier and that O'Neal had not requested an extension of time to file an opposition. Cargill stated that it opposed plaintiff's motion to continue and would file an opposition memorandum if he cured the deficiency and filed his motion properly.

On December 21, 2016, the court ordered the Clerk to remove the deficiency and file O'Neal's motion to continue the trial. The court found that it did not need any memorandum in opposition to the motion and denied the motion because plaintiff had failed to show good cause to amend the court's scheduling order. Since O'Neal also sought more time to take discovery, the court construed the motion as also having been filed under Fed. R. Civ. P. 56(d). However, plaintiff presented no affidavits, declarations or specific facts, as required by Rule 56(d), to show that he needed more discovery in order to oppose defendant's summary judgment motion. The court therefore denied O'Neal's motion on that additional basis. Record Doc. No. 33.

In the same order, the court granted defendant's unopposed summary judgment motion, finding that Cargill's statement of undisputed material facts was uncontroverted, the well-supported facts therein were deemed admitted and the competent summary judgment evidence established that (1) defendant had terminated O'Neal's employment for legitimate, non-discriminatory, non-retaliatory reasons and (2) there was no evidence of a racially hostile work environment. Id. The court entered judgment dismissing all of plaintiff's claims with prejudice the same day. Record Doc. No. 34.

II.   ANALYSIS

    A.   Rule 59(e) Standards

In his motion for new trial and in the alternative motion for relief from a judgment or order, O'Neal seeks reconsideration under Rule 59(e) or 60(b) of the court's denial of his motion to continue and grant of summary judgment to Cargill on his Section 1981 claims. Plaintiff filed his motion on the same day that judgment was entered. The court considers the motion under Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court does not consider the motion under Rule 60(b), which applies to motions filed after the Rule 59(e) deadline has passed. Steward v. City of New Orleans, 537 F. App'x 552, 554 (5th Cir. 2013); Harrington v. Runyon, 98 F.3d 1337, 1996 WL 556754, at *1 (5th Cir. 1996). Because O'Neal's motion fails to meet the Rule 59(e) standards, it would also fail under the stricter standards of Rule 60(b), if that rule applied. Steward, 537 F. App'x at 554; see In re Edwards, No. 17-10066, 2017 WL 367985, at *3 (5th Cir. Jan. 25, 2017), cert. denied sub nom. Edwards v. Davis, No. 16-7710, 2017 WL 374855 (U.S. Jan. 26, 2017) (citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)) ("To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment.") (emphasis added).

District courts have broad discretion in deciding such motions. Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010); McGillivray v.

Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010) (citing Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995)). The Fifth Circuit

> has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) favors denial of motions to alter or amend a judgment.

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2009 WL 2447846, at *2 (E.D. La. Aug. 6, 2009) (citing S. Contractors Grp., Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993); Arceneaux v. State Farm Fire & Cas. Co., No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008); Johnson v. Cain, No. 05-1943, 2007 WL 1741883, at *1 (E.D. La. June 14, 2007)) (quotations omitted) (emphasis added); accord McGillivray, 360 F. App'x at 537 (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)). O'Neal argues in his original memorandum that he has newly discovered evidence and that the court should grant his motion to prevent manifest injustice. In his reply memorandum, he also contends that the court made manifest errors of fact when it granted summary judgment on the merits.

      Because a Rule 59(e) motion questions the correctness of a judgment, it is granted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (quotation and citations omitted). "The granting of a Rule 59(e) motion 'is an extraordinary remedy and should be used sparingly.'" In re Pequeño, 240 F. App'x 634,

636 (5th Cir. 2007) (quoting Templet, 367 F.3d at 479); accord Ewans v. Wells Fargo Bank, N.A., 389 F. App'x 383, 389-90 (5th Cir. 2010).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479 (citation omitted) (emphasis added); accord Naquin v. Elevating Boats, L.L.C., 817 F.3d 235, 240 (5th Cir. 2016); LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005). The Fifth Circuit has often "refused to reverse a district court's rejection of a Rule 59(e) motion when 'the underlying facts were well within the [movant's] knowledge prior to the district court's entry of judgment.'" In re Rodriguez, 695 F.3d 360, 371 (5th Cir. 2012) (quoting Templet, 367 F.3d at 479); see id. at 372 (Evidence was not "newly discovered evidence compelling Rule 59(e) relief" when defendant knew of the evidence for 41 days, but failed to bring it to the court's attention before the court issued the order of which defendant sought reconsideration.).

B. Plaintiff Fails to Demonstrate Grounds for a New Trial

All of the evidence that O'Neal contends is newly discovered was actually known and available to him for months before Cargill moved for summary judgment. The "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Templet, 367 F.3d at 471; accord Rodriguez, 695 F.3d at 371.

O'Neal contends that the testimony of Christopher Holmes, who has never been deposed, was crucial to opposing Cargill's motion because Holmes would corroborate

- 6 -

O'Neal's account of the incident that led to his termination from Cargill for insubordination and threatening a supervisor in late September 2014. Plaintiff's answer to defendant's Interrogatory No. 6 on August 31, 2016 listed Holmes as an "eye and ear witness to the incident," who would testify that O'Neal walked away from his white supervisor to avoid a confrontation and that the supervisor was the aggressor. Defendant's Exh. C, Record Doc. Nos. 18-4 & 27.[1] In his October 19, 2016 deposition, plaintiff again identified Holmes as an eyewitness and a friend, and testified that he and Holmes had talked about the incident after plaintiff's termination. Defendant's Exh. D, Record Doc. Nos. 18-5 & 27, deposition of Quinton O'Neal at pp. 48, 52-55, 119-20.

Despite his long-term personal knowledge of the facts known by Holmes, O'Neal never obtained an affidavit or deposition testimony from Holmes. O'Neal's counsel apparently asked defendant's attorney before December 7, 2016 to depose Holmes, who was still a Cargill employee. Defendant consented to schedule Holmes's deposition for December 15, 2016, three days after the discovery deadline. Plaintiff's Exh. B, Record Doc. No. 36-3. O'Neal's attorney claims in his memorandum that, when Holmes did not appear in person, Cargill's counsel declined to allow plaintiff to depose Holmes by telephone. Regardless of why the deposition did not occur on that date, the facts known by Holmes and their alleged importance to plaintiff's case are not newly discovered.

---

[1]The court directed the Clerk to remove from Cargill's motion for summary judgment, Record Doc. No. 18, certain exhibits that contained unredacted personal data identifiers and ordered Cargill to file exhibits with redacted personal data identifiers. Cargill complied, and the substituted exhibits are contained in Record Doc. No. 27.

O'Neal did not seek relief from the court to depose Holmes after that date and plaintiff still has not proffered to the court any evidence of what Holmes would testify, as required by Fed. R. Civ. P. 56(d).  Holmes's mere corroboration of plaintiff's testimony, if Holmes were indeed to corroborate it, would not show a genuine issue of material fact in opposition to defendant's summary judgment motion because it does not rebut defendant's evidence of its legitimate reasons for terminating plaintiff's employment, which were reached after an investigation that included interviewing O'Neal, Holmes, the supervisor and other eyewitnesses.

Similarly, plaintiff's counsel apparently waited until December 7, 2016 to ask to depose Cargill's Plant Superintendent, Michael Bates, whose affidavit had been filed five days earlier in support of defendant's summary judgment motion.  Bates, an African-American, investigated the insubordination and threat incident and was responsible for terminating O'Neal.  The facts about which Bates testified are not newly discovered.  O'Neal knew about Cargill's progressive discipline system and of Bates's involvement in his termination when it occurred shortly after the September 2014 incident.  Although Cargill agreed to allow Bates to be deposed on December 21, 2016, 10 days after the discovery deadline had expired, his testimony, Record Doc. No. 38-4, provides no basis to reconsider the grant of summary judgment.  His testimony neither contradicts his affidavit in support of Cargill's summary judgment motion nor in any way supports O'Neal's allegations of a discriminatory or retaliatory motive for his termination or a hostile work environment.

The competent summary judgment evidence, including the transcripts of Bates's deposition and the other exhibits submitted in connection with plaintiff's motion for reconsideration, remains clear that Cargill has met its burdens to show the absence of any evidence of a racially hostile work environment and to proffer legitimate, non-discriminatory, non-retaliatory reasons for terminating O'Neal, i.e., his insubordination for refusing to answer his supervisor's questions and threatening his supervisor. Cargill's progressive discipline policy allowed immediate termination for threats of violence. Cargill also took into consideration O'Neal's disciplinary record, which included a one-day suspension without pay and a required anger management class because of an incident when he was found to be insubordinate to Bates less than three months before he was terminated.

O'Neal denies that he intended to threaten his supervisor when he refused to respond to the supervisor's questions and then asked whether the supervisor wanted to "get physical with" him because he could guarantee that the supervisor would not win. Defendant's Exh. D, Record Doc. No. 38-4, deposition of Michael Bates at pp. 25-28, 72-74. O'Neal alleges in his memorandum that he meant that his supervisor would be punished for initiating workplace violence, not that O'Neal himself was threatening violence. This does not create a material fact question whether Cargill's termination of plaintiff was retaliatory or discriminatory.

The question for the court on summary judgment is whether Cargill's "perception of [plaintiff's] performance, accurate or not, was the real reason for [his] termination."

Harris v. Miss. Transp. Comm'n, 329 F. App'x 550, 557 (5th Cir. 2009) (quotation omitted) (emphasis added). The competent evidence shows that Cargill concluded, after an investigation that included interviewing all witnesses, that the supervisor was more credible than O'Neal. Employers must make credibility findings in disputed disciplinary situations and may rely on their good faith investigations and reasonable conclusions. Clark v. Boyd Tunica, Inc., No. 16-60167, 2016 WL 7187380, at *4 (5th Cir. Dec. 9, 2016) (citing Bryant v. Compass Grp. USA Inc., 413 F.3d 471, 478 (5th Cir. 2005); Waggoner v. City of Garland, 987 F.2d 1160, 1165-66 (5th Cir. 1993); Cervantez v. KMGP Servs. Co., 349 F. App'x 4, 10 (5th Cir. 2009)).

"Our job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions. Our anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory [and non-discriminatory] ones." Lemaire, 480 F.3d at 391; accord Clark v. Boyd Tunica, Inc., No. 16-60167, 2016 WL 7187380, at *4 (5th Cir. Dec. 9, 2016). "Even if evidence suggests that a decision was wrong, [the court] will not substitute our judgment . . . for the employer's business judgment." Scott v. Univ. of Miss., 148 F.3d 493, 509-10 (5th Cir. 1998), abrogated on other grounds by Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72 (2000) (citation omitted).

O'Neal's denial of defendant's conclusions after its investigation does not create a material fact issue.

> [A]n employee cannot establish that an employer's reason for termination is pretexual [sic] <u>simply by disputing the truth of the underlying facts</u> for that reason. . . . Because <u>even an incorrect belief that an employee's performance is inadequate qualifies as a legitimate reason to terminate an at-will employee</u>, an employee must submit evidence to support an inference that the employer had a retaliatory [or discriminatory] motive, not just an incorrect belief.

<u>Coleman v. Jason Pharm.</u>, 540 F. App'x 302, 305 (5th Cir. 2013) (quotations and citations omitted) (emphasis added). O'Neal's mere "subjective belief of discrimination, however genuine, cannot be the basis of judicial relief" and his accusations of discrimination and retaliation, unsupported by any evidence, do not establish that Cargill terminated him for any reasons but the legitimate ones it proffered. <u>Sullivan v. Worley Catastrophe Servs., L.L.C.</u>, 591 F. App'x 243, 247 (5th Cir. 2014) (quotation omitted) (citing <u>E.E.O.C. v. La. Ofc. of Cmty. Servs.</u>, 47 F.3d 1438, 1448 (5th Cir. 1995)).

Finally, O'Neal contends that he served discovery requests on defendant on December 1, 2016, within the discovery deadline, to which responses were outstanding when Cargill filed its summary judgment motion. However, Cargill's responses were not due until 30 days after service, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3), or on December 31, 2016, which was 19 days <u>after</u> the discovery deadline expired. The court's Rule 16 scheduling order was clear that "all discovery must be <u>completed</u> no later than December 12, 2016," Record Doc. No. 14 at p. 1, not that it be commenced before that date. Thus, Cargill was not required to respond before the court granted defendant's

summary judgment motion.  O'Neal never moved to expedite or shorten the time for responses to his discovery requests, as contemplated by Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3).  He presented no affidavits, declarations or specific facts to explain why he needed these discovery responses and what they would reveal, either with his motion to continue the trial or his motion for reconsideration.  A party's mere assertion that he "requires more time to 'investigate, assemble evidence and present the same to the court'" is insufficient "to show that the [Rule 59(e)] motion was necessary to prevent manifest injustice." McGillivray, 360 F. App'x at 537.

O'Neal argues that manifest injustice will result if he is not allowed to present any facts in opposition to Cargill's summary judgment motion merely because his attorney erred by not filing an opposition.  The facts that he now seeks to present were available to him previously, he has not shown any good reason why he failed to submit them before the court ruled on the summary judgment motion, and they are nevertheless insufficient to defeat summary judgment.  Neither the incorrect belief of O'Neal's attorney that summary judgment would not be granted because he had filed a deficient motion to continue three days after the deadline to file an opposition nor his attorney's mistake in calendaring the deadline provides good cause to reconsider the judgment. In re Pequeño, 240 F. App'x at 637. The erroneous strategy choices of a party or his attorney do not amount to manifest injustice. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) (citing Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226-27 (4th Cir. 2005); Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 577

(4th Cir. 1973)); <u>Fox v. Am. Airlines</u>, 389 F.3d 1291, 1296 (D.C. Cir. 2004); <u>Ciralsky v. Cent. Intelligence Agency</u>, 355 F.3d 661, 673 (D.C. Cir. 2004); <u>Bender Square Partners v. Factory Mut. Ins. Co.</u>, No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012). There is nothing manifestly unjust about the court's enforcement of its deadlines, its Local Rules and the appropriate Federal Rules of Civil Procedure, all of which are and were known to all involved in this matter.

Accordingly, plaintiff's motion is denied.

New Orleans, Louisiana, this ___8th___ day of February, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE